**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CV-10-8193-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Sheila Young; Deane Young; Kennith Defoor; Accurate Consulting, LLC; and D4 Accounting, Consulting, Tax Services, Inc., | |
| Defendants. | |

The United States filed a complaint for injunctive relief on October 4, 2010, alleging Defendants promote fraudulent tax schemes and have prepared hundreds of frivolous tax returns resulting in the issuance of more than two million dollars in erroneous refunds. Doc. 1.  On October 15, 2010, each individual Defendant filed an "affidavit of notary presentment." Docs. 5, 6, 7.  The government construes those documents as motions to dismiss for lack of jurisdiction, and has filed a response. Doc. 10.  No reply has been filed, and no party has requested oral argument.

Although the individual Defendants are proceeding pro se, they "must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986). Defendants appear to challenge this Court's jurisdiction in their affidavits, but do not seek dismissal pursuant to any Federal Rule of Civil Procedure. Moreover, the Court clearly has subject matter jurisdiction over this federal tax case. *See* Doc. 1 ¶¶ 3-4; 28 U.S.C. §§ 1340, 1345; 26 U.S.C. §§ 7402, 7407, 7408.  The Court has personal jurisdiction over

1  Defendants as they are residents or citizens of Arizona. *See* Doc. 1 ¶¶ 6-10; Docs. 5, 6, 7
2  at 2. Defendants' affidavits will be denied to the extent they seek dismissal for lack of
3  jurisdiction.

4        The Court declines the government's invitation to deem all Defendants as having been
5  served with process. Doc. 10 at 2. The government shall effect service of process as
6  required by the Federal Rules of Civil Procedure.

7        The individual Defendants are advised that if they wish to proceed pro se, they must
8  become familiar with, and follow, the Federal Rules of Civil Procedure and the Rules of the
9  United States District Court for the District of Arizona ("Local Rules"). *See King*, 814 F.2d
10 at 567; *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986) (pro se litigants "should not
11 be treated more favorably than parties with attorneys of record"); *Carter v. Comm'r of*
12 *Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986) ("Although pro se, [a litigant] is
13 expected to abide by the rules of the court in which he litigates."). The Federal Rules of
14 Civil Procedure are available at the following Internet website: www.law.cornell.
15 edu/rules/frcp/. A copy of the Court's Local Rules of Civil Procedure may be obtained in
16 the Clerk's Office and are available online at the Court's Internet website: www.azd.
17 uscourts.gov (follow hyperlink titled "Opinions/Orders/Rules"). All motions and other filing
18 must comply fully with the Court's local rules, including the rules governing the form of
19 papers (LRCiv 7.1) and page limits (LRCiv 7.2).

20       The corporate Defendants may appear in this case only through licensed counsel. *See*
21 *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-202
22 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may
23 appear in federal courts only through licensed counsel.") (citing *Osborn v. President of Bank*
24 *of U.S.*, 9 Wheat. 738, 829, 6 L.Ed. 204 (1824)); *D-Beam Ltd. P'ship v. Roller Derby Skates,*
25 *Inc.*, 366 F.3d 972, 973-74 (9th Cir. 2004) ("It is a longstanding rule that 'corporations and
26 other unincorporated associations must appear in court through an attorney.'") (alteration and
27 citation omitted); *In re Am. W. Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994) ("Corporations
28 and other unincorporated associations must appear in court through an attorney."); *United*

*States v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (holding that a corporation's president and sole shareholder could not make an "end run around" the counsel requirement by intervening pro se rather than retaining counsel to represent the corporation).

**IT IS ORDERED:**

1. Defendants' Affidavits of Notary Presentment (Docs. 5, 6, 7) are denied to the extent they may be construed as motions to dismiss for lack of jurisdiction.

2. The government shall effect service of process as required by the Federal Rules of Civil Procedure.

DATED this 9th day of December, 2010.

*/s/ Daniel G. Campbell*

David G. Campbell
United States District Judge